```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

                                        CIVIL ACTION
                                        NO. 1:10-CV-11989-RGS
_____
                              )
INSURANCE CO. STATE OF        )
PENNSYLVANIA, as Subrogee of  )
JAMES EASLER,                 )
                              )
            Plaintiff,        )
                              )
v.                            )
                              )
DELTA AIRLINES, INC.,         )
                              )
            Defendant.        )
_____)
```

**PLAINTIFF'S MOTION TO AMEND**

Pursuant to Fed. R. Civ. P. 15(a)(2), the plaintiff, Insurance Co. of Pennsylvania, respectfully requests leave to amend its original Complaint and to file the First Amended Complaint, which is attached hereto as Exhibit A.

The plaintiff seeks to add Freedom Airlines, Inc. and its parent Mesa Air Group, Inc. as defendants in this personal injury case. Since the time of the initial filing, the plaintiff has been provided a written contract between Delta Airlines and the putative defendants, charging them with responsibilities for the operation of the aircraft involved in this accident.

This motion also addresses issues relating to the putative defendants' recent bankruptcy petition and any relation back

issue that may be raised by the defendants. These arguments can be summarized as follows:

- The putative defendants' Chapter 11 bankruptcy plan was recently confirmed on March 1, 2011 (Exhibit B). Accordingly, the automatic stay is no longer in effect.

- Although the putative defendants appear to have been discharged from this claim, well established precedent allows the plaintiff to pursue these defendants for the purposes of reaching insurance proceeds.

- Under the Massachusetts relation back test, which applies in this case, claims against the putative defendants are not time barred.

**BACKGROUND**

On December 20, 2007, James Easler was injured at Logan Airport while legally on the premises and operating a large piece of snow removal equipment. As a result of the accident, Easler filed a workers' compensation claim and has not yet returned to work. He was recently declared totally and permanently disabled under M.G.L. c. 15, §34A by an Administrative Law Judge. See DIA Decision (March 4, 2011), attached as Exhibit C.

According to Easler, he was operating his piece of equipment behind a Delta Connection jet when the jet engine suddenly and without warning was engaged. The jet blast blew

out the glass of Easler's tractor and threw him into the walls of the driving compartment.  Easler has suffered injuries to his back, neck and shoulder.  See Transcript of Easler's DIA Testimony, pp. 26-28, attached as Exhibit D.

   The applicable three-year statute of limitations was set to expire in December 2010.  Because Easler had not initiated a claim, the plaintiff, authorized by M.G.L. c.152, §15, instituted this subrogation case in Massachusetts state court against Delta Airlines.  Delta removed the case to this Court on the basis of diversity jurisdiction.  Since that time, Easler and his wife have retained counsel and petitioned to intervene. The Easler's motion to intervene has not been opposed and is still pending.

   Delta contends that the airplane in question was a Delta Connection flight operated by Freedom Airlines and Mesa Air Group under the aforementioned agreement, which is attached hereto as Exhibit E.  See also Demand letter of Delta's Counsel to Mesa (January 5, 2011), attached as Exhibit F.  Delta filed third-party claims against both Freedom Airlines and Mesa Air Group, but Delta's attorney has stated that Delta will not serve the third-party complaints, given that Delta has apparently waived all of its indemnity rights against the putative defendants in a subsequent settlement agreement involving a variety of business issues.  Accordingly, the plaintiff now seeks to add them as direct defendants.

**FEDERAL STANDARD UNDER RULE 15(a)(2)**

Under Fed. R. Civ. P. 15(a)(2), "[t]he court should freely give leave when justice so requires." Here, justice is best served by allowing the plaintiff and the interveners the right to collect for the significant personal injuries suffered by Easler. No one disputes that Easler was injured and that the jet blast that occurred in the terminal area was negligent conduct. The disputed issue here is whether Delta, the putative defendants or some combination of the parties was responsible for the loss. Justice is best served by allowing the proposed amendment, which enables discovery and adjudication, if necessary, on the proper party(ies).

**BANKRUPTCY ISSUES**

Freedom Airlines and Mesa Air Group filed a voluntary bankruptcy petition in the Southern District of New York on January 5, 2010. Their Chapter 11 reorganization plan became effective on March 1, 2011. See Confirmed Plan, Exhibit B. Accordingly, the automatic stay no longer precludes actions from being commenced against the debtors.

According to the confirmation plan, Freedom Airlines and Mesa Air Group have been discharged for pre-petition claims, which would presumably include the claims of the Easlers and Insurance Co. State of Pennsylvania. See Confirmed Plan, Exhibit B, ¶9.4. However, well established precedent allows parties to proceed against discharged debtors for the limited

4

purpose of collecting insurance proceeds, which have not been discharged.  See Perez v. Cumberland Farm, Inc., 1997 Dist. LEXIS 16206 (Gorton, J)(holding that courts allow claimants to proceed with claims against a discharged debtor for the purpose of collecting from the debtor's insurer); Green v. Welsh, 956 F.2d 30, 35 (2nd Cir. 1992)("we believe that §524 [of Bankruptcy Code] permits a plaintiff to proceed against a discharged debtor solely to recover from the debtor's insurer.").  Accordingly, Insurance Co. State of Pennsylvania contends that (1) the automatic stay is no longer in place; and (2) the discharge is limited to the assets of the putative defendants, but not any applicable insurance proceeds.  The plaintiff agrees not to proceed against any protected assets of Freedom Airlines and Mesa Air Group.

**RELATION BACK**

The claims against Freedom Airlines and Mesa Air Group are not time barred.  In this case, the relation back test of either the forum state or the somewhat more restrictive federal rule can be applied. See Coons v. Industrial Knife Company, Inc., 630 F.3d 38, 42 (1st Cir. 2010)("In addition to the federal test, Rule 15(c)(1)(A) allows for relation back when the law that provides the applicable statute of limitations -- in this, Massachusetts law -- allows relations back.");  Moore et al., Moore's Fed. Practice, §§15.9[1] (3rd ed. Supp. 2010)("[I]f state

law permits relation back when the federal rules would not, the more forgiving state rule controls.").

The Massachusetts relation back test is more expansive than the federal rule. "There is ample authority for the proposition that where an action has been commenced before the statute of limitations has run, a plaintiff may be allowed to substitute one defendant for another after the statute of limitations has run against the proposed substitute defendant...[w]e discern no difference in principle between permitting a plaintiff to substitute a defendant and permitting a plaintiff to add a defendant."  See Reporter's Notes, Mass. R. Civ. P. 15. Accordingly, the claims against the putative defendants relate back to the filing of the original complaint and are not time barred.

**NOTICE**

Pursuant to Local Rule 15.1(B), this motion was pre-served upon Delta, the Easlers, Mesa and Freedom with notice that it will be filed in ten (10) days. The putative defendants' bankruptcy counsel was also notified.

WHEREFORE, Insurance Co. State of Pennsylvania respectfully requests leave to file the attached First Amended Complaint.

INSURANCE CO. STATE OF PENNSYLVANIA
By its attorneys,

/s/ David M. O'Connor

_____
David M. O'Connor
BBO No. 544166
Joseph C. Abate
BBO No. 566705
O'CONNOR & ASSOCIATES, LLC
100 State Street, 4th Floor
Boston, MA 02019
(617) 723-7201
doconnor@oconnorllc.com
jabate@oconnorllc.com

Dated: March 18, 2011

## CERTIFICATE OF SERVICE

I, Joseph C. Abate, hereby certify that I caused the foregoing motion to be served upon the following by first class mail on March 18, 2011:

Thomas Murphy, Esq.
LAW OFFICES OF THOMAS R. MURPHY, LLC
133 Washington Street, 2nd Floor
Salem, MA  01970

Richard T. Corbett, Esq.
MCLUCAS & WEST, P.C.
141 Tremont Street
Boston, MA 02111

President
FREEDOM AIRLINES, INC.
410 North 44th street, Suite 200
Phoenix, AZ 85008

President
MESA AIR GROUP, INC.
410 North 44th street, Suite 200
Phoenix, AZ 85008

Debra I. Grassgreen, Esq.
PACHULSKI, STANG, ZIEHL & JONES, LLP
780 Third Avenue, 36th Floor
New York, NY 10017

/s/ Joseph C. Abate
_____
Joseph C. Abate

## RULE 7.1 CERTIFICATION

The parties, including counsel for the Easlers, have conferred on this issue.  Delta provided no definitive position; the Easlers do not oppose this motion.

/s/ Joseph C. Abate
_____
Joseph C. Abate