# EXHIBIT F

LAW OFFICES OF THOMAS R. MURPHY LLC

■ 133 Washington Street, 2nd Floor, Salem, MA 01970 ■ Tel 978.740.5575 ■ Fax 978.740.5590

January 5, 2011

Brian S. Gillman, Vice President and General Counsel
Mesa Air Group, Inc.
410 North 44th Street, Suite 700
Phoenix, AZ 85008

Re: *Insurance Company of Pennsylvania v. Delta Air Lines, Inc.*
United States District Court, District of Massachusetts
Civil Action No. 1:10-cv-11989 RGS

Dear Mr. Gillman:

As I mentioned when I spoke with your office, I represent Delta Air Lines, Inc. ("Delta") in the captioned matter. Enclosed are copies of the Complaint and Jury Demand and the Civil Action Cover Sheet which counsel for the Insurance Company of Pennsylvania ("subrogee") filed in the Suffolk Superior Court. Upon receipt of those papers I removed the case and shortly thereafter received the enclosed Intervening Complaint and Jury Demand from counsel for the subrogor ("Easler), who I expect to join the case now pending in the USDC for the District of Massachusetts.

As you can see, the subrogee claims that on December 20, 2007 Easler was working[1] at Logan Airport in Boston when he was "injured due to the negligence of Delta." Easler's pleading was a little more explicit. He alleged he was operating a snow plow when "[s]uddenly and without warning, employees of Defendant Delta Air Lines who were doing maintenance work on the Delta Jet turned on its engines, causing a jet blast which injured" Easler.

My investigation has disclosed that the employee in question was actually a mechanic employed by Freedom Airlines, Inc. ("Freedom") who was operating a Delta Connection aircraft. He was performing an operational check and in the process decided to run the engines up to takeoff power, which was improper for that area of the airport. As he did so the snow plow moved behind the aircraft and as a result the jet blast blew out the window of the snow plow, allegedly injuring Easler. During the entire incident the aircraft was under the control of the Freedom employee.

---

[1] The pleadings alternatively refer to Easler's employer as American Sweeping Company or Dejana Industries, Inc. ("Dejana"), though it may also have been Aero Snow Removal Corp., which, like American Sweeping Company, is a subsidiary of Dejana.

TRMLaw.net

LAW OFFICES OF THOMAS R. MURPHY, LLC

Brian S. Gillman, Vice President and General Counsel
January 5, 2011
Page 2

     As you can see from the enclosed March 13, 2007 Delta, Freedom, and Mesa Air Group, Inc. ("Mesa") Agreement ("Agreement"), Freedom's operation of the Delta Connection contained a number of obligations on the parties. Article 12 (C) provides that Freedom and Mesa, agreed to "indemnify, and hold harmless Delta and its affiliates ... from and against any and all claims, demand, damages, liabilities, suits ... costs and expenses ... arising out of, connected with, or attributable to th[e] Agreement ... or the operation, non-operation, or improper operation of Operator's Aircraft ... excluding only claims ... resulting from gross negligence or willful misconduct of Delta ..."

     To the extent there was any negligence causing damage to Easler or the subrogee, it was the Freedom employee's use and operation of the Delta Connection aircraft. Accordingly, and in accordance with Article 12 (G) of the Agreement, I hereby tender my client's defense and indemnification in this matter to Mesa. Please contact me to discuss this matter.

Very truly yours,

Thomas R. Murphy
TRMurphy@TRMLaw.net

TRM/sal
Enc.
cc:    Chief Financial Officer, Mesa Air Group, Inc., Phoenix, AZ (w/o enc.)
       Claudia D. Lewis, CPCU, ARM, JLT Aerospace, Herndon, VA (w/o enc.)
       Keith M. Cerra (w/o enc.; VAX 9404)