UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JAMES EASLER,
MICHELLE STONE-EASLER, and
INSURANCE COMPANY OF
STATE OF PENSYLVANIA,

        Plaintiffs,

v.

        Civil Action No. 1: 10-cv-11989 RGS

DELTA AIR LINES, INC.,
FREEDOM AIRLINES, INC.,
MESA AIR GROUP, INC., and
COMAIR, INC.,

        Defendants.

## SECOND STIPULATION AND ORDER GOVERNING
## THE DISCOVERY AND USE OF CONFIDENTIAL MATERIAL

WHEREAS, the parties to this action are engaged in discovery proceedings, which

may include, among other things, the taking of depositions, answers to interrogatories,

answers to requests for admissions, and the production of documents and tangible things of

any kind for inspection and/or copying (all documents or tangible things produced,

testimony provided, or other responses to discovery requests of any kind, or any notes,

summaries, or other documents, or testimony, or other information derived therefrom, shall

hereinafter be referred to as "Discovery Material" or "Material");

WHEREAS, these discovery proceedings may involve the production of certain

Discovery Material which the parties believe to constitute a trade secret or other non-public

information of a sensitive, personal, or otherwise genuinely confidential nature (including without limitation competitive, technical, financial, marketing, or commercial information);

WHEREAS, the parties are in agreement that the following Protective Order shall govern the production or disclosure of such confidential Discovery Material during the course of this action, in order to ensure the continued confidentiality of such Material and to ensure that no competitive advantage is obtained by any person as a result of the disclosure of such Material, upon the following conditions and safeguards;

IT IS HEREBY STIPULATED AND **ORDERED** that:

1.     Scope. This Stipulation and Order applies to all Discovery Material produced or received by the parties in this case and to all Discovery Material provided by non-parties. It establishes two levels of confidentiality: "Confidential" and "Highly Confidential." Except where stated otherwise, for purposes of this Stipulation and Order the term "Confidential" shall include both levels of confidentiality. Discovery Material may be designated with one of the levels of confidentiality provided for herein by any party desiring such designation or by any non-party providing Discovery Material (the "Disclosing Party").

2.     Confidential Information.

(a)  For the purpose of this Stipulation and Order, a Disclosing Party may designate as "Confidential Information" only non-public Discovery Material that the party in good faith reasonably believes contains trade secret or other confidential, technical, competitive, proprietary, or personal information that is used by it in or in connection with its business, and which the party takes appropriate efforts to keep confidential or the party is otherwise required to keep confidential by agreement or law.

(b)  A Disclosing Party may designate as "Highly Confidential" any Confidential Discovery Material that the party in good faith reasonably believes contains trade secret or

other confidential, technical, competitive, proprietary information that is so highly sensitive that there is a reasonable likelihood that disclosure to the parties themselves in this litigation would cause harm to the Disclosing Party.

(c) Discovery Material shall not be treated as Confidential if the receiving party can demonstrate that (i) it already knew the Confidential information contained in the Discovery Material before receiving it from the disclosing party and obtained that knowledge lawfully, (ii) the Confidential information in the Discovery Material was known to the public or generally available at the time it was received by the receiving party or became publicly known or generally available thereafter, other than through the conduct of the receiving party, (iii) the receiving party had received the Confidential information from a lawful source other than the Disclosing Party that was not under an obligation not to disclose it, or (iv) the receiving party developed the Confidential information independently without any reliance on or use of Confidential Discovery Material or in violation of its obligations under this Stipulation and Order.

3.      Notice of Designation.  Parties shall designate Discovery Material as Confidential of Highly Confidential as follows:

(a) In the case of records, documents, interrogatory answers, responses to requests for admissions, and other written Discovery Materials, by stamping the legend "Confidential" or "Highly Confidential" prior to their production.  Stamping such a legend on the cover of any multi-page document shall so designate all pages of such document, unless otherwise indicated by the Disclosing Party.  Documents to be inspected shall be treated as Confidential during inspection.

(b) In the case of deposition or trial testimony, designation of the portion of the transcript (including exhibits) which contains Confidential information shall be made by a statement to such effect on the record in the course of the deposition. The pages of the transcript which contain Confidential Information and the numbers (but not the descriptions) of the confidential deposition exhibits shall be appropriately noted on the front of the deposition transcript and the entire transcript shall be marked as being confidential information. However, only those portions of the transcript and exhibits noted on the front of the transcript need to be treated as Confidential Information as appropriate.

(c) A Disclosing Party shall make a good-faith effort to designate Confidential Discovery Material at the time of production or during the deposition or trial. However, inadvertent or unintentional disclosure of such Material without such a designation shall not be deemed a waiver of the Disclosing Party's claim of confidentiality, and a Disclosing Party may at any time designate Discovery Material as Confidential. The parties to this case shall, upon written notice by the Disclosing Party that such Material should have been designated Confidential, thereafter treat such Discovery Material as so designated. A receiving party shall make a good-faith effort to locate and mark with the designated level of confidentiality any copies of such Discovery Material upon receipt of such notice.

4.     Objection to Designation.  A party to the case may at any time challenge a designation of Confidentiality on the ground that such Material does not contain or reflect trade secret or other non-public information of a sensitive, personal, or otherwise genuinely confidential nature (including without limitation competitive, financial, marketing, or commercial information) requiring the designated level of confidentiality to adequately protect such Material. The objecting party shall advise the Disclosing Party in writing of its

objections and the reasons for the objections. The parties shall attempt in good faith to resolve such disputes informally. If the parties cannot resolve such dispute informally, the Discovery Material shall be treated as Confidential or Highly Confidential, as designated, pending a resolution of the parties' dispute by the Court or by agreement of the parties. The burden of proving that the Discovery Material has been properly designated as Confidential shall be on the Disclosing Party.

5.      Use of Discovery Material. Discovery Material shall be used by the receiving party solely in connection with this litigation, and not for any business, competitive or other purposes, and shall not be disclosed except as provided herein.

6.      Disclosure of Confidential Information. Discovery Material designated as "Confidential" shall not be shown, communicated, paraphrased, summarized or disclosed, in whole or in part or in any manner whatsoever, except by prior written consent of the Disclosing Party or pursuant to a further order of the Court, to anyone other than:

(a)      the parties' attorneys of record in this action and the employees of such attorneys who are actively engaged in assisting counsel in this action;

(b)      independent experts and consultants not affiliated with a party who have been separately retained by the party and/or party's attorneys of record for purposes of this action subject to the provisions of paragraph __ herein;

(c)      any officer, agent, or employee of the Receiving Party;

(d)      the authors, addressees and copy recipients of confidential documents, including but not limited to the producing party's present and former employees, agents, consultants and attorneys;

(e)      any witnesses who appear for deposition or trial in this matter, during the course of their testimony, after the witness has been advised of the need to keep the

information confidential and agrees to do so in writing in the form of Appendix A attached

hereto;

      (f)      certified court reporters taking testimony involving such confidential

documents; and

      (g)      the Court, provided that any document that contains or refers to

"Confidential Information" shall be filed under seal, in accordance with paragraph __ of this

Stipulation and Order in envelopes prominently marked with the caption of this action, the

title of the document or other description identifying the material filed, and the following

notation:

> **THIS DOCUMENT IS FILED UNDER SEAL**
> **PURSUANT TO A PROTECTIVE ORDER. IT**
> **CONTAINS CONFIDENTIAL INFORMATION**
> **AND SHALL BE OPENED ONLY AS DIRECTED**
> **BY THE COURT.**

and

      (h)      in response to a valid order or subpoena issued by a court of competent

jurisdiction or an administrative agency, provided, however, that the receiving party must

promptly notify the Disclosing Party and provide a copy of such order or subpoena at least 7

days in advance of producing any Confidential Discovery Material in order to permit the

Disclosing Party an opportunity to take steps to object to or quash such order or subpoena.

7.      <u>Disclosure of Highly Confidential Information.</u>  Discovery Material designated as

"Highly Confidential" shall not be shown, communicated, paraphrased, summarized or

disclosed, in whole or in part or in any manner whatsoever, except by prior written consent

of the Disclosing Party or pursuant to a further order of the Court, to anyone other than:

      (a)      the parties' attorneys of record in this proceeding and the colleagues and

employees of such attorneys who are actively engaged in assisting counsel in this action;

(b)      independent experts not affiliated with a party who have been separately retained by the party and/or the party's attorneys of record for purposes of this action, subject to the provisions of paragraph __ herein;

(c)      witnesses who appear for deposition or hearings in this matter, during the course of their testimony, provided that such disclosure is relevant and reasonably necessary to their testimony, and only after such witness has been advised of the need to keep the information confidential and agrees to be bound by the terms of this Stipulation and Order;

(d)      certified court reporters taking deposition testimony involving such Highly Confidential information;

(e)      the Court, provided that any document that contains or refers to Highly Confidential Discovery Material shall be filed under seal, in accordance with paragraph __ of this Stipulation and Order in envelopes prominently marked with the caption of this action, the title of the document or other description identifying the material filed, and the following notation:

> **THIS DOCUMENT IS FILED UNDER SEAL**
> **PURSUANT TO A PROTECTIVE ORDER. IT**
> **CONTAINS CONFIDENTIAL INFORMATION**
> **AND SHALL BE OPENED ONLY AS DIRECTED**
> **BY THE COURT.**

and

(f)      in response to a valid order or subpoena issued by a court of competent jurisdiction or an administrative agency, provided, however, that the receiving party must promptly notify the Disclosing Party and provide a copy of such order or subpoena at least 7 days in advance of producing any Highly Confidential Discovery Material in order to permit the Disclosing Party an opportunity to take steps to object to or quash such order or subpoena.

8.    Terms of Disclosure.  Before any Confidential Discovery Material is shown,

disclosed or otherwise communicated to any person referenced in paragraph 6(b), 6(c), 6(d),

6(e) or 7(b), the receiving party shall (a) provide each such person with a copy of this

Stipulation and Order; and (b) obtain from each such person a signed certification of

confidentiality in the form attached hereto as Exhibit A (the "Certification of

Confidentiality").  A copy of the Certification, as executed by such person, shall be

maintained by counsel for the receiving party and shall be available for inspection by the

Panel or counsel for the disclosing party upon request.

9.    Use of Highly Confidential Information During Testimony.  In the event that Highly

Confidential Discovery Material is referred to, disclosed, or introduced as an exhibit during

depositions, hearings, or case or court proceedings, the transcript of such testimony shall be

marked by the court reporter on the cover page of the transcript and the first page of

exhibits containing such Discovery Material with a notation indicating the particular level of

confidentiality.  In addition, the court reporter shall be instructed to highlight each transcript

section containing Highly Confidential testimony, by placing before the first question in a

series of questions and answers constituting such testimony a warning in all capital letters

that Highly Confidential material follows, and by placing after the last answer in such a series

an indication in all capital letters marking the end of such testimony.  All transcripts of any

testimony in this case shall bear the following legend on the cover page: **HIGHLY**

**CONFIDENTIAL:  SUBJECT TO PROTECTIVE ORDER.**

10.    Filing of Confidential Discovery Material.  Discovery Material will not be filed with

the Court unless it is necessary to do so for purposes of trial, motions for summary

judgment, or other matters.  A receiving party shall not file a record or deposition transcript

that contains the Disclosing Party's Confidential Discovery Material without first obtaining

an impoundment order from the Court, in accordance with the provisions of Local Rule 7.2, directing that the material be filed and kept under seal. Any document or transcript that is filed with the Court in accordance with this paragraph shall bear the appropriate legend on each page. In the event that the Court has not ruled on the motion for impoundment prior to a required filing date, in lieu of filing with the Court the actual papers containing the Confidential Discovery Material, the filing party on the required filing date shall serve opposing counsel with the papers in question and file an affidavit of service with the Court indicating that it has served opposing counsel.

11.     Maintenance and Disposition of Confidential Discovery Material.

(a)     The receiving party shall maintain Confidential Discovery Material in a secure, safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary information.

(b)     All Confidential Discovery Material (other than attorney work-product, attorney-client communications, or expert work-product prepared by or for the receiving party and derived from the Confidential Discovery Material) shall be the property of the Disclosing Party, unless otherwise agreed by the parties or ordered by the Court. Any originals or copies of Confidential Discovery Material shall be returned to the Disclosing Party within sixty (60) calendar days of the termination of this case, including the final disposition of any appeals, unless the parties have agreed upon methods for the disposition of such material; provided, however, that counsel of record may retain pleadings, documents filed in a court proceeding, and any work-product, attorney-client communications, expert work-product, and copies thereof, but such materials shall remain subject to this Stipulation and Order. Upon request, counsel shall certify in writing that all such Confidential

Discovery Material has been properly returned, destroyed or otherwise protected in accordance with the terms hereof, and that Confidential Discovery Material has not been disclosed in violation of this Stipulation and Order, and that there has been full compliance with the terms of this Order.

12.   Objections Preserved.  Entering into, agreeing to and/or complying with the terms of this Stipulation and Order shall not: (a) operate as an admission by any party that any particular document or material contains or reflects a trade secret or other non-public information of a sensitive, personal, or otherwise genuinely confidential nature (including, without limitation, competitive, financial, marketing, or commercial information); or (b) prejudice in any way the right of a party (i) to seek a determination by the Court of whether any particular document or material should be produced or, if produced, whether it should be subject to the terms of this Stipulation and order, (ii) to interpose an objection to a request for discovery on any ground, or (iii) to seek relief on notice from any provisions of this Stipulation and Order, either generally or with respect to any particular document or material.  If, however, a party shall seek to withhold a document pursuant to this paragraph based upon a claim of confidentiality, the party must identify the document with reasonable specificity.

13.   Binding Effect.  This Stipulation and Order is immediately binding upon the parties signing it, as well as all those who sign the Representation of Confidentiality.  The parties to the Stipulation and Order and all those who sign the Representation of Confidentiality agree to act pursuant to the terms of this Stipulation and Order pending its approval by the Court and to continue to act pursuant to its terms, to the extent possible, regardless of whether it is approved by the Court.  The designating party whose Confidential Discovery Material has been disclosed may bring a proceeding to enjoin, or for damages resulting from, any

violation of this Stipulation and Order, including without limitation any Representation of Confidentiality.

14.    Amendment; Survival. This Stipulation and Order shall not terminate at the conclusion of this action but shall survive the conclusion of this case and shall remain in effect unless modified by order of the Court on motion of any party. The Court shall retain jurisdiction to make such amendments, modifications and additions to this order as the Court may from time to time deems appropriate. The Court shall further retain jurisdiction to resolve any disputes concerning the disposition of Confidential Discovery Material after the termination of this case.

Insurance Company of Pennsylvania,
By its attorney,

James Easler and
Michelle Stone-Easler
By their attorney,

s/Joseph C. Abate
Joseph C. Abate
O'Connor & Associates, LLC
100 State Street, 4th Floor
Boston, MA 02109
Tel:    617-723-7201
BBO No. 566705

s/Richard T. Corbett
Richard T. Corbett, Esq.
Williams & Associates
685 Centre Street, Suite 208
Boston, MA 02130
Tel:    617-447-2002
BBO No. 099280

Delta Air Lines, Inc. and
Comair, Inc.,
By their attorney,

Freedom Airlines, Inc.,
Mesa Air Group, Inc.,
By their attorney,

s/Thomas R. Murphy
Thomas R. Murphy, Esquire
Law Offices of Thomas R. Murphy, LLC
133 Washington Street, 2nd Floor
Salem, MA 01970
Tel:    978-740-5575
BBO No. 546759

s/Judith R. Nemsick
Judith R. Nemsick
Holland & Knight
31 West 52nd Street
New York NY 10019
Tel:    212-513-3514

So Ordered:

_____

Richard G. Stearns; United States Judge

EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JAMES EASLER,
MICHELLE STONE-EASLER, and
INSURANCE COMPANY OF
STATE OF PENSYLVANIA,

             Plaintiffs,

v.                                       Civil Action No. 1: 10-cv-11989 RGS

DELTA AIR LINES, INC.,
FREEDOM AIRLINES, INC.,
MESA AIR GROUP, INC., and
COMAIR, INC.,

             Defendants.

CERTIFICATION OF CONFIDENTIALITY

1.      I,_____, hereby acknowledge receipt of a copy of the

STIPULATION AND ORDER GOVERNING THE DISCOVERY AND USE OF

CONFIDENTIAL MATERIAL (the "Order") in the above captioned proceeding.

2.      I am familiar with the terms of the Order and agree to be bound by it.

3.      I agree that I shall not copy or use any Confidential Discovery Material for

any purpose other than in connection with this action, and then only in accordance with the

terms of the Order. I further agree not to reveal any Confidential Discovery Material except

in accordance with the terms of the Order.

Signed under the penalties of perjury this _____ day of _____, 201_.

_____

Title:

(e.g., Witness/Expert for Plaintiff/Defendant)

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JAMES EASLER,
MICHELLE STONE-EASLER, and
INSURANCE COMPANY OF
STATE OF PENSYLVANIA,

            Plaintiffs,

v.

            Civil Action No. 1: 10-cv-11989 RGS

DELTA AIR LINES, INC.,
FREEDOM AIRLINES, INC.,
MESA AIR GROUP, INC., and
COMAIR, INC.,

            Defendants.

## SECOND STIPULATION AND ORDER GOVERNING THE DISCOVERY AND USE OF CONFIDENTIAL MATERIAL

WHEREAS, the parties to this action are engaged in discovery proceedings, which

may include, among other things, the taking of depositions, answers to interrogatories,

answers to requests for admissions, and the production of documents and tangible things of

any kind for inspection and/or copying (all documents or tangible things produced,

testimony provided, or other responses to discovery requests of any kind, or any notes,

summaries, or other documents, or testimony, or other information derived therefrom, shall

hereinafter be referred to as "Discovery Material" or "Material");

WHEREAS, these discovery proceedings may involve the production of certain

Discovery Material which the parties believe to constitute a trade secret or other non-public

information of a sensitive, personal, or otherwise genuinely confidential nature (including without limitation competitive, technical, financial, marketing, or commercial information);

WHEREAS, the parties are in agreement that the following Protective Order shall govern the production or disclosure of such confidential Discovery Material during the course of this action, in order to ensure the continued confidentiality of such Material and to ensure that no competitive advantage is obtained by any person as a result of the disclosure of such Material, upon the following conditions and safeguards;

IT IS HEREBY STIPULATED AND **ORDERED** that:

1.      Scope. This Stipulation and Order applies to all Discovery Material produced or received by the parties in this case and to all Discovery Material provided by non-parties. It establishes two levels of confidentiality: "Confidential" and "Highly Confidential." Except where stated otherwise, for purposes of this Stipulation and Order the term "Confidential" shall include both levels of confidentiality. Discovery Material may be designated with one of the levels of confidentiality provided for herein by any party desiring such designation or by any non-party providing Discovery Material (the "Disclosing Party").

2.      Confidential Information.

(a) For the purpose of this Stipulation and Order, a Disclosing Party may designate as "Confidential Information" only non-public Discovery Material that the party in good faith reasonably believes contains trade secret or other confidential, technical, competitive, proprietary, or personal information that is used by it in or in connection with its business, and which the party takes appropriate efforts to keep confidential or the party is otherwise required to keep confidential by agreement or law.

(b) A Disclosing Party may designate as "Highly Confidential" any Confidential Discovery Material that the party in good faith reasonably believes contains trade secret or

other confidential, technical, competitive, proprietary information that is so highly sensitive that there is a reasonable likelihood that disclosure to the parties themselves in this litigation would cause harm to the Disclosing Party.

(c) Discovery Material shall not be treated as Confidential if the receiving party can demonstrate that (i) it already knew the Confidential information contained in the Discovery Material before receiving it from the disclosing party and obtained that knowledge lawfully, (ii) the Confidential information in the Discovery Material was known to the public or generally available at the time it was received by the receiving party or became publicly known or generally available thereafter, other than through the conduct of the receiving party, (iii) the receiving party had received the Confidential information from a lawful source other than the Disclosing Party that was not under an obligation not to disclose it, or (iv) the receiving party developed the Confidential information independently without any reliance on or use of Confidential Discovery Material or in violation of its obligations under this Stipulation and Order.

3.      Notice of Designation.  Parties shall designate Discovery Material as Confidential of Highly Confidential as follows:

(a) In the case of records, documents, interrogatory answers, responses to requests for admissions, and other written Discovery Materials, by stamping the legend "Confidential" or "Highly Confidential" prior to their production.  Stamping such a legend on the cover of any multi-page document shall so designate all pages of such document, unless otherwise indicated by the Disclosing Party.  Documents to be inspected shall be treated as Confidential during inspection.

(b) In the case of deposition or trial testimony, designation of the portion of the transcript (including exhibits) which contains Confidential information shall be made by a statement to such effect on the record in the course of the deposition. The pages of the transcript which contain Confidential Information and the numbers (but not the descriptions) of the confidential deposition exhibits shall be appropriately noted on the front of the deposition transcript and the entire transcript shall be marked as being confidential information. However, only those portions of the transcript and exhibits noted on the front of the transcript need to be treated as Confidential Information as appropriate.

(c) A Disclosing Party shall make a good-faith effort to designate Confidential Discovery Material at the time of production or during the deposition or trial. However, inadvertent or unintentional disclosure of such Material without such a designation shall not be deemed a waiver of the Disclosing Party's claim of confidentiality, and a Disclosing Party may at any time designate Discovery Material as Confidential. The parties to this case shall, upon written notice by the Disclosing Party that such Material should have been designated Confidential, thereafter treat such Discovery Material as so designated. A receiving party shall make a good-faith effort to locate and mark with the designated level of confidentiality any copies of such Discovery Material upon receipt of such notice.

4.      Objection to Designation. A party to the case may at any time challenge a designation of Confidentiality on the ground that such Material does not contain or reflect trade secret or other non-public information of a sensitive, personal, or otherwise genuinely confidential nature (including without limitation competitive, financial, marketing, or commercial information) requiring the designated level of confidentiality to adequately protect such Material. The objecting party shall advise the Disclosing Party in writing of its

objections and the reasons for the objections.  The parties shall attempt in good faith to resolve such disputes informally.  If the parties cannot resolve such dispute informally, the Discovery Material shall be treated as Confidential or Highly Confidential, as designated, pending a resolution of the parties' dispute by the Court or by agreement of the parties.  The burden of proving that the Discovery Material has been properly designated as Confidential shall be on the Disclosing Party.

5.      Use of Discovery Material.  Discovery Material shall be used by the receiving party solely in connection with this litigation, and not for any business, competitive or other purposes, and shall not be disclosed except as provided herein.

6.      Disclosure of Confidential Information.  Discovery Material designated as "Confidential" shall not be shown, communicated, paraphrased, summarized or disclosed, in whole or in part or in any manner whatsoever, except by prior written consent of the Disclosing Party or pursuant to a further order of the Court, to anyone other than:

        (a)      the parties' attorneys of record in this action and the employees of such attorneys who are actively engaged in assisting counsel in this action;

        (b)      independent experts and consultants not affiliated with a party who have been separately retained by the party and/or party's attorneys of record for purposes of this action subject to the provisions of paragraph __ herein;

        (c)      any officer, agent, or employee of the Receiving Party;

        (d)      the authors, addressees and copy recipients of confidential documents, including but not limited to the producing party's present and former employees, agents, consultants and attorneys;

        (e)      any witnesses who appear for deposition or trial in this matter, during the course of their testimony, after the witness has been advised of the need to keep the

information confidential and agrees to do so in writing in the form of Appendix A attached hereto;

      (f)     certified court reporters taking testimony involving such confidential documents; and

      (g)    the Court, provided that any document that contains or refers to "Confidential Information" shall be filed under seal, in accordance with paragraph __ of this Stipulation and Order in envelopes prominently marked with the caption of this action, the title of the document or other description identifying the material filed, and the following notation:

> **THIS DOCUMENT IS FILED UNDER SEAL**
> **PURSUANT TO A PROTECTIVE ORDER. IT**
> **CONTAINS CONFIDENTIAL INFORMATION**
> **AND SHALL BE OPENED ONLY AS DIRECTED**
> **BY THE COURT.**

and

      (h)    in response to a valid order or subpoena issued by a court of competent jurisdiction or an administrative agency, provided, however, that the receiving party must promptly notify the Disclosing Party and provide a copy of such order or subpoena at least 7 days in advance of producing any Confidential Discovery Material in order to permit the Disclosing Party an opportunity to take steps to object to or quash such order or subpoena.

7.     <u>Disclosure of Highly Confidential Information.</u>  Discovery Material designated as "Highly Confidential" shall not be shown, communicated, paraphrased, summarized or disclosed, in whole or in part or in any manner whatsoever, except by prior written consent of the Disclosing Party or pursuant to a further order of the Court, to anyone other than:

      (a)    the parties' attorneys of record in this proceeding and the colleagues and employees of such attorneys who are actively engaged in assisting counsel in this action;

(b)     independent experts not affiliated with a party who have been separately
retained by the party and/or the party's attorneys of record for purposes of this action,
subject to the provisions of paragraph __ herein;

(c)     witnesses who appear for deposition or hearings in this matter, during the
course of their testimony, provided that such disclosure is relevant and reasonably necessary
to their testimony, and only after such witness has been advised of the need to keep the
information confidential and agrees to be bound by the terms of this Stipulation and Order;

(d)     certified court reporters taking deposition testimony involving such Highly
Confidential information;

(e)     the Court, provided that any document that contains or refers to Highly
Confidential Discovery Material shall be filed under seal, in accordance with paragraph __ of
this Stipulation and Order in envelopes prominently marked with the caption of this action,
the title of the document or other description identifying the material filed, and the following
notation:

> **THIS DOCUMENT IS FILED UNDER SEAL
> PURSUANT TO A PROTECTIVE ORDER.  IT
> CONTAINS CONFIDENTIAL INFORMATION
> AND SHALL BE OPENED ONLY AS DIRECTED
> BY THE COURT.**

and

(f)     in response to a valid order or subpoena issued by a court of competent
jurisdiction or an administrative agency, provided, however, that the receiving party must
promptly notify the Disclosing Party and provide a copy of such order or subpoena at least 7
days in advance of producing any Highly Confidential Discovery Material in order to permit
the Disclosing Party an opportunity to take steps to object to or quash such order or
subpoena.

8.      Terms of Disclosure.  Before any Confidential Discovery Material is shown,
disclosed or otherwise communicated to any person referenced in paragraph 6(b), 6(c), 6(d),
6(e) or 7(b), the receiving party shall (a) provide each such person with a copy of this
Stipulation and Order; and (b) obtain from each such person a signed certification of
confidentiality in the form attached hereto as Exhibit A (the "Certification of
Confidentiality").  A copy of the Certification, as executed by such person, shall be
maintained by counsel for the receiving party and shall be available for inspection by the
Panel or counsel for the disclosing party upon request.

9.      Use of Highly Confidential Information During Testimony.  In the event that Highly
Confidential Discovery Material is referred to, disclosed, or introduced as an exhibit during
depositions, hearings, or case or court proceedings, the transcript of such testimony shall be
marked by the court reporter on the cover page of the transcript and the first page of
exhibits containing such Discovery Material with a notation indicating the particular level of
confidentiality.  In addition, the court reporter shall be instructed to highlight each transcript
section containing Highly Confidential testimony, by placing before the first question in a
series of questions and answers constituting such testimony a warning in all capital letters
that Highly Confidential material follows, and by placing after the last answer in such a series
an indication in all capital letters marking the end of such testimony.  All transcripts of any
testimony in this case shall bear the following legend on the cover page: **HIGHLY
CONFIDENTIAL:  SUBJECT TO PROTECTIVE ORDER.**

10.     Filing of Confidential Discovery Material.  Discovery Material will not be filed with
the Court unless it is necessary to do so for purposes of trial, motions for summary
judgment, or other matters.  A receiving party shall not file a record or deposition transcript
that contains the Disclosing Party's Confidential Discovery Material without first obtaining

an impoundment order from the Court, in accordance with the provisions of Local Rule 7.2, directing that the material be filed and kept under seal. Any document or transcript that is filed with the Court in accordance with this paragraph shall bear the appropriate legend on each page. In the event that the Court has not ruled on the motion for impoundment prior to a required filing date, in lieu of filing with the Court the actual papers containing the Confidential Discovery Material, the filing party on the required filing date shall serve opposing counsel with the papers in question and file an affidavit of service with the Court indicating that it has served opposing counsel.

11.    Maintenance and Disposition of Confidential Discovery Material.

(a)    The receiving party shall maintain Confidential Discovery Material in a secure, safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary information.

(b)    All Confidential Discovery Material (other than attorney work-product, attorney-client communications, or expert work-product prepared by or for the receiving party and derived from the Confidential Discovery Material) shall be the property of the Disclosing Party, unless otherwise agreed by the parties or ordered by the Court. Any originals or copies of Confidential Discovery Material shall be returned to the Disclosing Party within sixty (60) calendar days of the termination of this case, including the final disposition of any appeals, unless the parties have agreed upon methods for the disposition of such material; provided, however, that counsel of record may retain pleadings, documents filed in a court proceeding, and any work-product, attorney-client communications, expert work-product, and copies thereof, but such materials shall remain subject to this Stipulation and Order. Upon request, counsel shall certify in writing that all such Confidential

Discovery Material has been properly returned, destroyed or otherwise protected in accordance with the terms hereof, and that Confidential Discovery Material has not been disclosed in violation of this Stipulation and Order, and that there has been full compliance with the terms of this Order.

12.    Objections Preserved. Entering into, agreeing to and/or complying with the terms of this Stipulation and Order shall not: (a) operate as an admission by any party that any particular document or material contains or reflects a trade secret or other non-public information of a sensitive, personal, or otherwise genuinely confidential nature (including, without limitation, competitive, financial, marketing, or commercial information); or (b) prejudice in any way the right of a party (i) to seek a determination by the Court of whether any particular document or material should be produced or, if produced, whether it should be subject to the terms of this Stipulation and order, (ii) to interpose an objection to a request for discovery on any ground, or (iii) to seek relief on notice from any provisions of this Stipulation and Order, either generally or with respect to any particular document or material. If, however, a party shall seek to withhold a document pursuant to this paragraph based upon a claim of confidentiality, the party must identify the document with reasonable specificity.

13.    Binding Effect. This Stipulation and Order is immediately binding upon the parties signing it, as well as all those who sign the Representation of Confidentiality. The parties to the Stipulation and Order and all those who sign the Representation of Confidentiality agree to act pursuant to the terms of this Stipulation and Order pending its approval by the Court and to continue to act pursuant to its terms, to the extent possible, regardless of whether it is approved by the Court. The designating party whose Confidential Discovery Material has been disclosed may bring a proceeding to enjoin, or for damages resulting from, any

violation of this Stipulation and Order, including without limitation any Representation of Confidentiality.

14.     Amendment; Survival.  This Stipulation and Order shall not terminate at the conclusion of this action but shall survive the conclusion of this case and shall remain in effect unless modified by order of the  Court on motion of any party.  The Court shall retain jurisdiction to make such amendments, modifications and additions to this order as the Court may from time to time deems appropriate.  The Court shall further retain jurisdiction to resolve any disputes concerning the disposition of Confidential Discovery Material after the termination of this case.

Insurance Company of Pennsylvania,          James Easler and
By its attorney,                            Michelle Stone-Easler
                                            By their attorney,


s/Joseph C. Abate                           s/Richard T. Corbett
Joseph C. Abate                             Richard T. Corbett, Esq.
O'Connor & Associates, LLC                  Williams & Associates
100 State Street, 4th Floor                 685 Centre Street, Suite 208
Boston, MA  02109                           Boston, MA 02130
Tel:     617-723-7201                       Tel:     617-447-2002
BBO No. 566705                              BBO No. 099280


Delta Air Lines, Inc. and                    Freedom Airlines, Inc.,
Comair, Inc.,                                Mesa Air Group, Inc.,
By their attorney,                           By their attorney,


s/Thomas R. Murphy                          s/Judith R. Nemsick
Thomas R. Murphy, Esquire                   Judith R. Nemsick
Law Offices of Thomas R. Murphy, LLC        Holland & Knight
133 Washington Street, 2nd Floor            31 West 52nd Street
Salem, MA  01970                            New York NY 10019
Tel:     978-740-5575                       Tel:    212-513-3514
BBO No. 546759

So Ordered:
 /s/Richard G. Stearns
Richard G. Stearns; United States Judge

EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JAMES EASLER,
MICHELLE STONE-EASLER, and
INSURANCE COMPANY OF
STATE OF PENSYLVANIA,

              Plaintiffs,

v.                                                Civil Action No. 1: 10-cv-11989 RGS

DELTA AIR LINES, INC.,
FREEDOM AIRLINES, INC.,
MESA AIR GROUP, INC., and
COMAIR, INC.,

              Defendants.

CERTIFICATION OF CONFIDENTIALITY

1.      I,_____, hereby acknowledge receipt of a copy of the STIPULATION AND ORDER GOVERNING THE DISCOVERY AND USE OF CONFIDENTIAL MATERIAL (the "Order") in the above captioned proceeding.

2.      I am familiar with the terms of the Order and agree to be bound by it.

3.      I agree that I shall not copy or use any Confidential Discovery Material for any purpose other than in connection with this action, and then only in accordance with the terms of the Order. I further agree not to reveal any Confidential Discovery Material except in accordance with the terms of the Order.

Signed under the penalties of perjury this _____ day of _____, 201_.

_____

Title:

(e.g., Witness/Expert for Plaintiff/Defendant)