UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, as subrogee of James Easler, JAMES EASLER, and MICHELLE STONE-EASLER,<br><br>                                Plaintiffs,<br><br>          v.<br><br>DELTA AIR LINES, INC., FREEDOM AIRLINES, INC., MESA AIR GROUP, INC., and COMAIR, INC.,<br><br>                                Defendants. | C.A. NO. 1:10-cv-11989-RGS |

**DEFENDANTS MESA AIR GROUPS INC.'S AND FREEDOM AIRLINES, INC.'S STATEMENT IN RESPONSE TO DELTA AIR LINES, INC.'S MOTION FOR SUMMARY JUDGMENT**

Defendants Mesa Air Group, Inc. ("Mesa") and Freedom Airlines, Inc. ("Freedom"), by and through their attorneys Holland & Knight LLP, hereby submit this statement in response to Defendant Delta Air Lines, Inc.'s Motion for Summary Judgment.

**BACKGROUND**

This subrogation and personal injury action arises from personal injury claims of James Easler, a snow plow operator at Logan International Airport, who allegedly sustained injuries during maintenance of a Delta Connection aircraft (N852MJ) on December 20, 2007.

Plaintiff Insurance Company of State of Pennsylvania ("ICSP"), the workers compensation carrier, commenced an action against Delta that was removed to this Court on November 17, 2010. Plaintiff ICSP filed an Amended Complaint against Delta, Freedom and Mesa on April 20, 2011. Plaintiffs James and Michelle Easler intervened in the case and

commenced actions against defendants Freedom, Mesa and Comair, Inc. ("Comair") in May 2011.

Defendants Mesa and Freedom filed answers to the ICSP Amended Complaint and the First Amended Intervenor Complaint, along with cross-claims against Comair, on or about May 31, 2011 and June 23, 2011. Discovery is ongoing and fact discovery is scheduled to end December 2, 2011.

Mesa and Freedom are not a party to Delta's motion and no cross-claims have been asserted by or against Delta. Mesa and Freedom understand that Delta's motion for summary judgment is limited to Plaintiffs' claims against Delta alone and that, at this stage in the litigation, the determination of the liability, if any, of Mesa and Freedom is not before the Court. Accordingly, any of the determinations and findings of fact made by the Court for purposes of this motion should be limited to Delta's liability and should not be used against Mesa and Freedom in determining their liability, if any, in these proceedings.

**STATEMENT IN RESPONSE TO DELTA'S RULE 56.1 STATEMENT AND MOTION FOR SUMMARY JUDGMENT**

Mesa and Freedom submit this statement in order to preserve their rights to challenge the alleged "undisputed" statements of fact relied on by Delta in support of its motion for summary judgment in any further proceedings in this case. Delta's motion for summary judgment seeks dismissal of plaintiffs' claims against Delta on the grounds that Delta did not exercise "operational control" over the maintenance work conducted on the Delta Connection aircraft. Delta's motion purports that there was a lack of involvement by Delta in the maintenance of the aircraft and the running of its engines.[1] Delta's argument as to its lack of culpability relies on

---

[1] The testimony apparently is unclear on whether Delta Operations were contacted during the maintenance. Dkt. 39-1, pp. 14-15. Additionally, although Delta claims that it has no control over the aircraft, the Delta Connection Agreement states that Delta reserves the right to request that Freedom

statements in Delta's L.R. 56.1 Concise Statement of Material Facts in Support of Motion ("Rule 56.1 Statement"), which are based on the testimony of a Comair employee that is hearsay and also double hearsay.  Several statements in the deposition testimony of this Comair employee have been contradicted by the deposition testimony of the former Freedom mechanic who performed the work on the aircraft.  For example, Paragraph 5 of Delta's Rule 56.1 Statement states that the aircraft was escorted by a Massachusetts Port Authority vehicle to a remote area in order for the Freedom mechanic to safely test his repairs "by powering up the engines above idle."  (Dkt. 16-2, p.2).  The Freedom mechanic, however, testified several times at his deposition that he ran the engines only *at idle*, not above idle.[2]

> Q. Okay.  So do you remember doing the test with the engines in idle?
>
> A. Yes. Whatever the manual says you do, that's what I always do.
>
> \* \* \* \*
>
> Q. Okay. So on the day before the accident, you just ran the engine at idle; is that right?
>
> A. Yes.

See Dkt. 39-1, p. 6, 16.

The testimony calls into question and raises issues of fact with respect to several other hearsay statements made by the Comair employee about the Freedom mechanic and work performed on the aircraft, including the statement that the Freedom mechanic said that he

---

utilize Delta or its agent for aircraft and engine maintenance (Art. 8), sets the standards for the maintenance to be performed (Art. 19H), and apparently may even terminate its agreement if the operator does not act in accordance with the terms of the agreement (Art. 11).  (Dkt. 16-8, pp. 31, 16,  30-31).  The foregoing creates  issues as to whether, as Delta claims, Mr. Vilchez, in acting on behalf of Freedom, was "entirely free to do the work in his own way."  *See* Second Supplemental Memorandum, at Dkt. 39, p.4.

[2] Edwin Vilchez, the former Freedom employee who performed the engine test on the aircraft, was deposed on October 7, 2011.The final transcript is not yet available.  Delta has provided only excerpts from the "rough" transcript.

accelerated the engine and should not have done so.  (Dkt. 16-2, p. 2.)  As acknowledged in Delta's second supplemental brief, the final transcript of the Freedom mechanic's deposition is not yet available.  (Dkt. 16, p. 2, n.1) That transcript remains to be reviewed, corrected (if necessary) and signed by the deponent.

Mesa and Freedom respectfully request that any findings of fact made by the Court related to this motion be limited to Delta's liability so as not to prejudice Mesa and Freedom in adjudicating their liability, if any. Discovery is ongoing and the alleged statements of fact asserted by Delta have been and will likely continue to be challenged throughout this litigation. Accordingly, any findings of facts made by the Court related to this motion should not become the law of the case for purposes of determining the liability of Mesa and Freedom.[3]

Dated: Boston, Massachusetts
       October 12, 2011

                                        HOLLAND & KNIGHT LLP

                                  By:  /s/ Elizabeth M. Mitchell
                                        Elizabeth M. Mitchell (BBO No. 638146)
                                        10 St. James Avenue
                                        Boston, Massachusetts  02116
                                        Tel.:   (617) 523-2700
                                        elizabeth.mitchell@hklaw.com

                                        *and*

                                        Judith R. Nemsick (*pro hac vice*)
                                        31 W. 52nd Street
                                        New York, New York  10019
                                        Tel.:   (212) 513-3200
                                        judith.nemsick@hklaw.com

                                        *Attorneys for Defendants Mesa Air Group,*
                                        *Inc. and Freedom Airlines, Inc.*

---

[3] Delta's proffered undisputed facts do not appear to meet the evidentiary standard required to sustain summary judgment.