UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES EASLER, MICHELLE STONE-EASLER, and INSURANCE COMPANY OF STATE OF PENSYLVANIA, <br><br> Plaintiffs, <br><br> v. <br><br> DELTA AIR LINES, INC., FREEDOM AIRLINES, INC., MESA AIR GROUP, INC., and COMAIR, INC., <br><br> Defendants. | Civil Action No. 1: 10-cv-11989 RGS |

**COMAIR, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPORT OF MOTION FOR LEAVE TO AMEND CROSS-CLAIM**

Comair, Inc. (Comair) now moves, pursuant to Fed. R. Civ. P. 15, for leave to amend its cross-claim against Freedom Airline, Inc. (Freedom). As grounds, Comair states that a recently-discovered contract between Freedom and Comair establishes that Comair has a viable but as yet unpleaded indemnification claim against Freedom.

**I. STATEMENT OF THE CASE**

This case stems from an incident at Logan International Airport (Logan). (Dkt. 1-1 at ¶ 4-5). The Insurance Company of the State of Pennsylvania (Insurer) brought suit against Delta Air Lines, Inc. (Delta) claiming to have paid in excess of $140,000 in workers' compensation benefits to one James H. Easler (Easler) owing to an alleged "jet blast" incident caused by a mechanic servicing a "Delta Connection" aircraft on December 20, 2007. (Dkt. 16-1).

Delta removed the case to this court and later learned, as the Insurer had apparently known, that the incident was not caused by a Delta mechanic but by a mechanic employed by Freedom, a subsidiary of co-defendant Mesa Air Group, Inc. (Mesa). (Dkt. 16-1). Easler and his wife later intervened as parties-plaintiff and asserted claims against Delta, Freedom, Mesa, and the moving party here, Comair. (Dkt. 9; Dkt. 17). Freedom responded to plaintiffs' allegations and also filed cross-claims against Comair for contribution and indemnification. (Dkt. 25). Comair answered Freedom's cross-claims and replied in kind, but with a cross-claim for contribution *only*, as it had no good-faith basis, until now, to claim indemnification from Freedom. (Dkt. 30).

## II. STANDARD OF REVIEW

"Leave to amend under Rule 15 'is freely given when justice so requires' absent an adequate basis to deny amendment such as futility, bad faith, undue delay or a dilatory motive." *Guest-Tek Interactive Entm't. Inc. v. Pullen*, 731 F.Supp.2d 80, 92-3 (D. Mass. 2010) (quoting *Forman v. Davis*, 371 U.S. 178, 182 (1962); *Maine State Building and Construction Trades Council, AFLCIO v. United States Dep't of Labor*, 359 F.3d 14, 19 (1st Cir. 2004); *Glassman v. Computervision Corp.*, 90 F.3d 616, 622. (1st Cir. 1996)).

## III. ARGUMENT

Months before the Easler incident Delta had contracted with Freedom and Mesa to operate certain aircraft under the name "Delta Connection" throughout the country. (Dkt. 29-2). On the day in question Freedom's agent, Vilchez, had come from out of state to service a disabled "Delta Connection" aircraft and in the process he allegedly caused the "jet blast." (Dkt. 16-14, pp. 27-29, 42).

In order for Vilchez to work at Logan that day he was required by 740 CMR 30.17 to be escorted by a local employee, i.e. Comair's agent, Jones. (*Id.* p. 17). Based on his

description of the incident the Easlers later impleaded Comair claiming Vilchez and Jones were joint tortfeasors; in effect that Vilchez negligently engaged the engines of the aircraft and that Jones assumed (and breached) a duty to warn others of the dangers presented by Vilchez's actions, and together they jointly and severally caused the plaintiffs' damages. (Dkt. 17).

Freedom eventually served discovery on Comair and in the process of marshalling the documents necessary to respond, Comair discovered the attached Freedom/Comair Aircraft Maintenance Services Agreement. (Ex. 1). It contains an indemnification clause which provides that "each Party shall...hold harmless the other Party's...agents...from and against...all claims...which in any way arise out of or result from the performance or nonperformance of the Services under this Agreement." The Services to be provided by Comair to Freedom were defined in the Agreement as "maintenance in accordance with [Freedom's] instructions, manuals and directives and [Freedom's] FAA approved maintenance program." Those instructions included the "signal" Vilchez claims Jones gave as Vilchez engaged the aircraft which allegedly caused the Easler incident. (Dkt. 39-1, p. 69).

The locations of service identified in the Freedom/Comair contract were Cincinnati, Greensboro, Lexington, and Boston. Originally the Agreement only included the first three locations and while the amendment to add Boston as a service location post-dated the Easler incident by some thirty days, the course of conduct of the parties at the time had been to include Boston.

### IV. CONCLUSION

For the reasons set forth above, Comair, Inc. respectfully requests leave to file the attached amended cross-claim. (Ex. 2). Allowing this motion would be in the best interest of

justice as well as judicial economy and no party would be prejudiced as a result.

> Respectfully submitted,
> Comair, Inc.
> By its attorneys,
>
> /s/ Thomas R. Murphy
> Thomas R. Murphy
> Law Offices of Thomas R. Murphy, LLC
> 133 Washington Street, 2nd Floor
> Salem, MA 01970
> Tel: 978-740-5575
> BBO No. 546759