UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO. 1:10-CV-11989-RGS

_____
                                   )
INSURANCE CO. STATE OF             )
PENNSYLVANIA, as Subrogee of       )
JAMES EASLER, and JAMES EASLER     )
and MICHELLE STONE-EASLER,         )
                                   )
            Plaintiffs,            )
                                   )
v.                                 )
                                   )
DELTA AIRLINES, INC.,              )
FREEDOM AIRLINES, INC.,            )
MESA AIR GROUP, INC., and          )
COMAIR, INC.,                      )
                                   )
            Defendants.            )
_____)

**INSURANCE CO. STATE OF PENNSYLVANIA'S MEMORANDUM
OF LAW IN SUPPORT OF ITS MOTION TO FURTHER AMEND COMPLAINT**

**BACKGROUND**

   This is a personal injury action with a rather complicated procedural history.  On December 20, 2007, James Easler ("Easler") was injured at Logan Airport while operating a large piece of snow removal equipment.  As a result of the accident, Easler filed a workers' compensation claim, and has not yet returned to work.  He was declared totally and permanently disabled under M.G.L. c. 15, §34A by an Administrative Law Judge.

According to Easler's testimony at the DIA, he was injured when a Delta Airlines, Inc. ("Delta") mechanic suddenly and without warning engaged the engine of a Delta Connection jet. The jet blast blew out the glass in Easler's tractor and threw him into the walls of the driving compartment. Easler claims injuries to his back and shoulder. He has not yet been deposed.

The three-year statute of limitations was set to expire in early December 2010. Because Easler had not initiated a claim, Insurance Co. State of Pennsylvania ("ICSP"), authorized by M.G.L. c. 152, §15, instituted a subrogation case in Massachusetts state court against Delta. Delta removed the case to this Court on the basis of diversity in jurisdiction. Since that time, Easler and his wife have retained separate counsel and intervened as plaintiffs in this action.

During the course of discovery, the parties learned that the Delta Connection aircraft in question was operated by Freedom Airlines and Mesa Air Group. ICSP then moved successfully to add Freedom and Mesa as direct defendants.

On or about April 19, 2011, the Easlers filed a motion to amend their complaint to add Comair, Inc. as a direct defendant. That motion was allowed on May 5, 2011, and shortly thereafter, on May 18, 2011, the Easlers filed an

2

amended complaint, which included two claims against Comair, one for negligence and one for loss of consortium by Easler's wife. At the time the Easlers filed their amended complaint, they believed that the evidence of Comair witness Orr Jones gave them sufficient good faith belief to bring direct claims against Comair.

ICSP did not choose to bring direct claims against Comair at that time. However, on October 7, 2011, the parties deposed a Freedom mechanic who was at the control of the aircraft at the time of the Easler incident. The Freedom mechanic testified that he relied on Jones, a Comair employee, to operate as a spotter, and identify potential hazards, including Easler's plow, while he tested the jet engine. Jones' involvement in the Easler accident is at issue.

**FEDERAL STANDARD UNDER RULE 15(a)(2)**

Under Fed. R. Civ. P. 15(a)(2), "[t]he court should freely give leave when justice so requires." Here, justice is best served by allowing the plaintiff and the interveners the right to collect for the significant personal injuries suffered by Easler. There is now no dispute that employees of both Freedom and Comair were with the aircraft at the time of the accident. Whether Comair's employee was merely an escort or an active participant in this incident is disputed,

but there is now evidence in the record to support a claim against Comair.  Justice is best served by allowing the proposed amendment, which enables adjudication, if necessary, on the proper party(ies).

**ANALYSIS**

No party will be prejudiced by the allowance of this motion.  The proposed claim by ICSP against Comair is essentially the same negligence claim brought against it by the Easlers, and effectively the same legal claim as the contribution cross-claim brought against Comair by Freedom.  Accordingly, Comair will not be required to defend on any different or unusual grounds.

ICSP's motion to amend is not late.  Discovery is ongoing, and prior to the deposition of the Freedom mechanic, who blamed a Comair employee for not providing adequate spotting on the day of the incident, a negligence claim against Comair was remote.  Furthermore, Comair only recently produced written discovery and its deposition is tentatively scheduled to commence shortly.

**CONCLUSION**

WHEREFORE, ICSP respectfully requests that this Court allow it to file the attached Second Amended Complaint, which (1) adds a single negligence claim against Comair; and (2)

removes Delta Airlines from its pleadings.  This motion is not opposed.

|  |  |
|---|---|
|  | INSURANCE COMPANY STATE OF PA<br>By its attorneys,<br><br>*/s/ David M. O'Connor*<br>_____<br>David M. O'Connor<br>BBO No. 544166<br>Joseph C. Abate<br>BBO No. 566705<br>O'CONNOR & ASSOCIATES, LLC<br>100 State Street, 4th Floor<br>Boston, MA 02109<br>(617) 723-7201<br>doconnor@oconnorllc.com<br>jabate@oconnorllc.com |
| Dated:   January 13, 2012 |  |

### CERTIFICATE OF SERVICE

I, Joseph C. Abate, hereby certify that I caused the foregoing to be served upon all counsel of record by ECF on January 13, 2012.

*/s/ Joseph C. Abate*
_____
Joseph C. Abate

### LOCAL RULE 7.1 CERTIFICATION

The undersigned certifies that counsel have conferred and attempted in good faith to resolve or narrow this issue. All parties have indicated that they do not oppose this motion.

*/s/ Joseph C. Abate*
_____
Joseph C. Abate