UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, as subrogee of James Easler, JAMES EASLER, and MICHELLE STONE-EASLER,<br><br>Plaintiffs,<br><br>v.<br><br>DELTA AIR LINES, INC., FREEDOM AIRLINES, INC., MESA AIR GROUP, INC., and COMAIR, INC.,<br><br>Defendants. | C.A. NO. 1:10-cv-11989-RGS |

**ANSWER OF MESA AIR GROUP, INC. AND FREEDOM
AIRLINES, INC. TO FIRST AMENDED CROSS-CLAIM OF COMAIR, INC.**

In response to the allegations in the First Amended Cross-Claim (the "Cross-Claim") of defendant Comair, Inc. ("Comair"), the defendants Mesa Air Group, Inc. ("Mesa") and Freedom Airlines, Inc. ("Freedom"), upon information and belief, hereby:

1. State that they are without sufficient knowledge to enable them to respond to the allegations set forth in paragraph 1 of the Cross-Claim.

2. Admit the allegations set forth in paragraph 2 of the Cross-Claim.

3. State that Mesa Group, Inc. is not an entity, and thus deny the allegations set forth in paragraph 3 of the Cross-Claim on that basis, and further state that defendant Mesa Air Group, Inc. is a Nevada corporation with its principal place of business in Phoenix, Arizona.

4. Respectfully refer the Court to the prior pleadings in this action and, on that basis, state that no response to the allegations set forth in paragraph 4 of the Cross-Claim is necessary.

1

To the extent that a response is deemed necessary, Mesa and Freedom admit that Comair, Freedom, and Mesa are defendants in the instant action.

### COUNT I: CONTRIBUTION (FREEDOM AIRLINES, INC.)

5. Mesa and Freedom repeat, restate and incorporate by reference herein, in response to the allegations set forth in paragraph 5 of the Cross-Claim, their responses to paragraphs 1 through 4 of the Cross-Claim, inclusive.

6. Deny the allegations set forth in paragraph 6 of the Cross-Claim.

7. Deny the allegations set forth in paragraph 7 of the Cross-Claim.

### COUNT II: CONTRIBUTION (MESA AIR GROUP, INC.)

8. Mesa and Freedom repeat, restate and incorporate by reference herein, in response to the allegations set forth in paragraph 8 of the Cross-Claim, their responses to paragraphs 1 through 7 of the Cross-Claim, inclusive.

9. Deny the allegations set forth in paragraph 9 of the Cross-Claim.

10. Deny the allegations set forth in paragraph 10 of the Cross-Claim.

11. Deny the allegations set forth in paragraph 11 of the Cross-Claim.

### COUNT III: INDEMNIFICATION (FREEDOM AIRLINES, INC.)

12. Mesa and Freedom repeat, restate and incorporate by reference herein, in response to the allegations set forth in paragraph 12 of the Cross-Claim, their responses to paragraphs 1 through 11 of the Cross-Claim, inclusive.

13. Deny the allegations set forth in paragraph 13 of the Cross-Claim.

### COUNT IV: INDEMNIFICATION (MESA AIR GROUP, INC.)

14. Mesa and Freedom repeat, restate and incorporate by reference herein, in response to the allegations set forth in paragraph 14 of the Cross-Claim, their responses to paragraphs 1 through 13 of the Cross-Claim, inclusive.

15.     Deny the allegations set forth in paragraph 15 of the Cross-Claim.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Cross-Claim fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Because Mesa and Freedom are not liable for the claims asserted by Plaintiffs in this action, Mesa and Freedom are not liable to Comair for the derivative claims of contribution and indemnification asserted in the Cross-Claim.

### THIRD AFFIRMATIVE DEFENSE

Because the alleged acts and/or omissions of Mesa and Freedom were not the legal or proximate cause of the damages alleged by Plaintiffs, Mesa and Freedom are not liable to Comair for the derivative claims of contribution and indemnification asserted in the Cross-Claim.

### FOURTH AFFIRMATIVE DEFENSE

Because the injuries allegedly sustained by James Easler, if any, were caused and brought about by an intervening or superseding cause and were not caused by Mesa or Freedom or by any person or entity under Mesa and Freedom's control, Mesa and Freedom are not liable to Comair for the derivative claims of contribution and indemnification asserted in the Cross-Claim.

### FIFTH AFFIRMATIVE DEFENSE

Because the negligence of James Easler proximately caused the events giving rise to the Plaintiffs' claims and to any alleged injuries, loss or damages, Mesa and Freedom are not liable to Comair for the derivative claims of contribution and indemnification asserted in the Cross-Claim.

### SIXTH AFFIRMATIVE DEFENSE

Because the alleged incident and any resulting damages were caused, in whole or in part, by the fault, negligence, want of care, gross negligence, intentional acts or omissions of Comair and were not due to the fault, negligence, want of care, or other acts or omissions on the part of Mesa and Freedom, Mesa and Freedom are not liable to Comair for the derivative claims of contribution and indemnification asserted in the Cross-Claim.

### SEVENTH AFFIRMATIVE DEFENSE

The Cross-Claim is barred by the doctrines of release, waiver, estoppels, and/or laches.

### EIGHTH AFFIRMATIVE DEFENSE

The Cross-Claim is barred by the Settlement Agreement and Mutual Releases made and entered into by and between Mesa/Freedom and Delta Air Lines, Inc., executed as of December 13, 2010.

### **NINTH AFFIRMATIVE DEFENSE**

The Cross-Claim is barred by orders entered by the United States Bankruptcy Court for the Southern District of New York in *In re Mesa Air Group, Inc.*, Case No. 10-10018 (MG).

### TENTH AFFIRMATIVE DEFENSE

The Cross-Claim is barred by the discharge entered by the United States Bankruptcy Court for the Southern District of New York in *In re Mesa Air Group, Inc.*, Case No. 10-10018 (MG).

### ELEVENTH AFFIRMATIVE DEFENSE

Comair has failed to mitigate its damages, if any.

### TWELFTH AFFIRMATIVE DEFENSE

The Cross-Claim is barred insofar as it alleges an entitlement to implied contractual indemnification because there is no contractual agreement between the parties sufficient to support such a claim.

## THIRTEENTH AFFIRMATIVE DEFENSE

Mesa and Freedom intend to add and rely upon such other and further defenses as may become apparent during the discovery of this action, and reserve the right to amend its answer to assert such defenses to the Cross-Claim.

## PRAYER FOR RELIEF

WHEREFORE, Mesa and Freedom pray that this Court:

a. Enter judgment in their favor dismissing Comair's Cross-Claim;

b. Award Mesa and Freedom their costs and expenses, including reasonable attorneys' fees; and

c. Grant Mesa and Freedom such other and further relief as this Court deems just and proper.

Respectfully submitted,

MESA AIR GROUP, INC. and
FREEDOM AIRLINES, INC.

By their attorneys,

/s/ Benjamin M. McGovern
Elizabeth M. Mitchell (BBO No. 638146)
Benjamin M. McGovern (BBO No. 661611)
HOLLAND & KNIGHT LLP
10 St. James Avenue
Boston, MA  02116
(617) 523-2700
*elizabeth.mitchell@hklaw.com*
*benjamin.mcgovern@hklaw.com*

-and-

Judith R. Nemsick
HOLLAND & KNIGHT LLP
31 W. 52nd Street
New York, New York  10019
(212) 513-3200
*judith.nemsick@hklaw.com*

Dated: February 2, 2012

CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

      /s/ Benjamin M. McGovern