UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JAMES EASLER,
MICHELLE STONE-EASLER, and
INSURANCE COMPANY OF
STATE OF PENSYLVANIA,

        Plaintiffs,

v.

DELTA AIR LINES, INC.,
FREEDOM AIRLINES, INC.,
MESA AIR GROUP, INC., and
COMAIR, INC.,

        Defendants.

Civil Action No. 1: 10-cv-11989 RGS

## COMAIR, INC.'S ANSWER TO SECOND AMENDED COMPLAINT OF INSURANCE COMPANY OF PENNSYLVANIA WITH AFFIRMATIVE DEFENSES, CROSS-CLAIMS, AND DEMAND FOR JURY TRIAL

Comair, Inc. (Comair) hereby responds to the Second Amended Complaint of the Insurance Company of Pennsylvania (ICPA) and also asserts its affirmative defenses, cross-claims, and demand for jury trial.

### ANSWER

1.     Comair is without knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph and calls upon ICPA to prove same.

2.     Comair is without knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph and calls upon ICPA to prove same.

3. Comair is without knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph and calls upon ICPA to prove same.

## COUNT I

4. Comair states that the allegations set forth in this paragraph of ICPS'S Second Amended Complaint are not against Comair and that, accordingly, Comair is not required to respond. To the extent that a response is deemed necessary, Comair states that it is without sufficient knowledge to enable it to respond to these allegations.

5. Comair states that the allegations set forth in this paragraph of ICPS'S Second Amended Complaint are not against Comair and that, accordingly, Comair is not required to respond. To the extent that a response is deemed necessary, Comair states that it is without sufficient knowledge to enable it to respond to these allegations.

6. Comair states that the allegations set forth in this paragraph of ICPS'S Second Amended Complaint are not against Comair and that, accordingly, Comair is not required to respond. To the extent that a response is deemed necessary, Comair states that it is without sufficient knowledge to enable it to respond to these allegations.

7. Comair states that the allegations set forth in this paragraph of ICPS'S Second Amended Complaint are not against Comair and that, accordingly, Comair is not required to respond. To the extent that a response is deemed necessary, Comair states that it is without sufficient knowledge to enable it to respond to these allegations.

## COUNT II

8. Pursuant to Fed. R. Civ. P. 10 (c) Comair repeats its responses to the allegations incorporated by reference in this paragraph of ICPA's Second Amended Complaint.

9. Comair states that the allegations set forth in this paragraph of ICPS'S Second Amended Complaint are not against Comair and that, accordingly, Comair is not required to respond. To the extent that a response is deemed necessary, Comair states that it is without sufficient knowledge to enable it to respond to these allegations.

10. Comair states that the allegations set forth in this paragraph of ICPS'S Second Amended Complaint are not against Comair and that, accordingly, Comair is not required to respond. To the extent that a response is deemed necessary, Comair states that it is without sufficient knowledge to enable it to respond to these allegations.

11. Comair states that the allegations set forth in this paragraph of ICPS'S Second Amended Complaint are not against Comair and that, accordingly, Comair is not required to respond. To the extent that a response is deemed necessary, Comair states that it is without sufficient knowledge to enable it to respond to these allegations.

12. Comair states that the allegations set forth in this paragraph of ICPS'S Second Amended Complaint are not against Comair and that, accordingly, Comair is not required to respond. To the extent that a response is deemed necessary, Comair states that it is without sufficient knowledge to enable it to respond to these allegations.

COUNT III

13. Pursuant to Fed. R. Civ. P. 10 (c) Comair repeats its responses to the allegations incorporated by reference in this paragraph of ICPA's Second Amended Complaint.

14. Comair admits it is an Ohio corporation with a principal place of business in Erlanger, Kentucky.

15. Denied as stated.

16.     Denied as stated.

17.     Comair states that the allegations set forth in this paragraph of ICPS'S Second Amended Complaint are conclusions of law and, accordingly, Comair is not required to respond. To the extent that a response is deemed necessary, Comair states that it is without sufficient knowledge to enable it to respond to these allegations.

### *AFFIRMATIVE DEFENSES*

#### FIRST DEFENSE

Comair states plaintiffs' damages, if any, were caused solely by the negligence of one or more persons who were not agents, servants, or employees of Comair.

#### SECOND DEFENSE

Comair states that ICPA's Second Amended Complaint should be dismissed, with prejudice and costs, pursuant to Fed. R. Civ. P. 12 (b) (6) for failure to state a claim upon which relief may be granted.

#### THIRD DEFENSE

If the plaintiffs were injured as alleged, the injuries were caused by ICPA'S subrogee whose negligence was greater than Comair's negligence, if any, and therefore ICPA's equity claim is barred.

#### FOURTH DEFENSE

If Comair was negligent, which it denies, and if its negligence exceeded that of ICPA'S subrogee, any damages assessed against Comair should be reduced in accordance with G.L. c. 231 § 85.

#### FIFTH DEFENSE

Comair states that all plaintiffs' claims are barred by the applicable statute of limitations.

#### SIXTH DEFENSE

Comair states plaintiffs' claims are barred by the doctrines of waiver, estopple, laches, license, or release.

### SEVENTH DEFENSE

Comair states the plaintiffs failed to join all necessary parties.

### EIGHTH DEFENSE

Comair states the plaintiffs' claims are preempted as a matter of federal law.

### NINTH DEFENSE

Comair intends to rely on such other defenses as are appropriate and are revealed during this litigation and therefore reserves the right to supplement this list of Affirmative Defenses.

*CROSS-CLAIMS*

**PARTIES**

1. Plaintiff in cross-claim Comair, Inc. (Comair) is an Ohio corporation with a principal place of business in Erlanger, Kentucky.

2. Defendant in cross-claim Freedom Airlines, Inc. (Freedom) is a Nevada corporation with a principal place of business in Phoenix, Arizona.

3. Defendant in cross-claim Mesa Group, Inc. (Mesa) is also a Nevada corporation with a principal place of business in Phoenix, Arizona.

4. Comair is a defendant in this action brought by the ICPA as subrogee of James H. Easler who, together with Michelle Stone-Easler, (collectively plaintiffs) intervened and filed an Amended Intervenor Complaint and Jury Claim.

**COUNT I: CONTRIBUTION (FREEDOM AIRLINES, INC.)**

5. Comair incorporates by reference the allegations of paragraphs one through four, inclusive, as if specifically set forth herein.

6. Freedom's agents, including but not limited to Edwin E. Vilzchez, were negligent when maintaining an aircraft used in Freedom's operation of certain Delta Connection flights which negligence was the sole proximate cause of the damages alleged by the plaintiffs.

7. Freedom's negligence, through the actions of its agents, was the sole cause of the damages alleged by the plaintiffs and Comair did not cause or contribute to those damages.

WEREFORE, defendant/cross-claimant Comair, Inc. demands contribution pursuant to G.L. c. 231B from Freedom Airlines, Inc. for any judgment in this action, together with interest and costs.

## COUNT II: CONTRIBUTION (MESA AIR GROUP, INC.)

8. Comair incorporates by reference the allegations of paragraphs one through seven, inclusive, as if specifically set forth herein.

9. Mesa held an operating certificate issued by the Federal Aviation Administration and leased a certain aircraft used in operating Delta Connection flights and as a result of the obligations on such a certificate holder and leasee Mesa's agents maintained that aircraft.

10. In the process of maintaining that aircraft Mesa's agents, including but not limited to Edwin E. Vilzchez, were negligent which negligence was the sole proximate cause of the damages alleged by the plaintiffs.

11. Mesa's negligence, through the actions of its agents, was the sole cause of the damages alleged by the plaintiffs while Comair did not cause or contribute to those damages.

WEREFORE, defendant/cross-claimant Comair, Inc. demands contribution pursuant to G.L. c. 231B from Mesa Air Group, Inc. for any judgment in this action, together with interest and costs.

### COUNT III: INDEMNIFICATION (FREEDOM AIRLINES, INC.)

12. Comair incorporates by reference the allegations of paragraphs one through eleven, inclusive, as if specifically set forth herein.

13. Comair did not cause or contribute to the damages alleged by the plaintiffs and Freedom owes Comair implied indemnification.

WEREFORE, defendant/cross-claimant Comair, Inc. demands indemnification from Freedom Airlines, Inc. for any judgment in this action, together with interest, attorney's fees, and costs.

### COUNT IV: INDEMNIFICATION (MESA GROUP, INC.)

14. Comair incorporates by reference the allegations of paragraphs one through thirteen, inclusive, as if specifically set forth herein.

15. Comair did not cause or contribute to the damages alleged by the plaintiffs and Mesa owes Comair indemnification.

WEREFORE, defendant/cross-claimant Comair, Inc. demands indemnification from Mesa Air Group, Inc. for any judgment in this action, together with interest, attorney's fees, and costs.

### *DEMAND FOR JURY TRIAL*

Comair, Inc. demands a trial by jury on all issues pursuant to Fed. R. Civ. P. 38.

Comair, Inc.
By its attorney,
s/Thomas R. Murphy
Thomas R. Murphy, Esquire
Law Offices of Thomas R. Murphy, LLC
133 Washington Street, 2nd Floor
Salem, MA  01970
BBO No.:     546759
Tel:     978-740-5575