UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INSURANCE CO. STATE OF PENNSYLVANIA, as Subrogee of JAMES EASLER, JAMES EASLER, and MICHELLE STONE-EASLER,<br><br>            Plaintiffs,<br><br>   v.<br><br>DELTA AIR LINES, INC., FREEDOM AIRLINES, INC., MESA AIR GROUP, INC., and COMAIR, INC.,<br><br>            Defendants. | C.A. NO. 1:10-cv-11989-RGS |

**ANSWER OF MESA AIR GROUP, INC. AND FREEDOM
AIRLINES, INC. TO SECOND AMENDED COMPLAINT OF
INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA
AND CROSS-CLAIMS AGAINST DEFENDANT COMAIR, INC.**

In response to the allegations in the Second Amended Complaint of the plaintiff, Insurance Company of the State of Pennsylvania, as subrogee of James Easler, the defendants, Mesa Air Group, Inc. ("Mesa") and Freedom Airlines, Inc. ("Freedom"), upon information and belief, hereby:

     1.     State that they are without sufficient knowledge to enable them to respond to the allegations set forth in paragraph 1 of the Second Amended Complaint.

     2.     State that they are without sufficient knowledge to enable them to respond to the allegations set forth in paragraph 2 of the Second Amended Complaint.

     3.     State that they are without sufficient knowledge to enable them to respond to the allegations set forth in paragraph 3 of the Second Amended Complaint.

## COUNT I

4. Deny the allegations set forth in paragraph 4 of the Second Amended Complaint except admit that Freedom is incorporated in the State of Nevada.

5. Deny the allegations set forth in paragraph 5 of the Second Amended Complaint.

6. Deny the allegations set forth in paragraph 6 of the Second Amended Complaint.

7. State that the allegations set forth in paragraph 7 of the Second Amended Complaint amount to conclusions of law to which no response is required.  To the extent that a response is deemed necessary, Mesa and Freedom deny the allegations set forth in paragraph 7 of the Second Amended Complaint.

## COUNT II

8. Mesa and Freedom repeat, restate and incorporate by reference herein, in response to the allegations set forth in paragraph 8 of the Second Amended Complaint, their responses to paragraphs 1 through 7 of the Second Amended Complaint, inclusive.

9. Deny the allegations set forth in paragraph 9 of the Second Amended Complaint except admit that Mesa is incorporated in the State of Nevada.

10. Deny the allegations set forth in paragraph 10 of the Second Amended Complaint.

11. Deny the allegations set forth in paragraph 11 of the Second Amended Complaint.

12. State that the allegations set forth in paragraph 12 of the Second Amended Complaint amount to conclusions of law to which no response is required.  To the extent that a response is deemed necessary, Mesa and Freedom deny the allegations set forth in paragraph 12 of the Second Amended Complaint.

## COUNT III

13. Mesa and Freedom repeat, restate and incorporate by reference herein, in response to the allegations set forth in paragraph 13 of the Second Amended Complaint, their responses to paragraphs 1 through 12 of the Second Amended Complaint, inclusive.

14. State that the allegations set forth in paragraph 14 of the Second Amended Complaint are against Comair, Inc. ("Comair") only, and that, accordingly, Mesa and Freedom are not required to respond to paragraph 14. To the extent that a response is deemed necessary, Mesa and Freedom state that they are without sufficient knowledge to enable them to respond to the allegations set forth in paragraph 14 of the Second Amended Complaint.

15. State that the allegations set forth in paragraph 15 of the Second Amended Complaint are against Comair only, and that, accordingly, Mesa and Freedom are not required to respond to paragraph 15. To the extent that a response is deemed necessary, Mesa and Freedom state that they are without sufficient knowledge to enable them to respond to the allegations set forth in paragraph 15 of the Second Amended Complaint.

16. State that the allegations set forth in paragraph 16 of the Second Amended Complaint are against Comair only, and that, accordingly, Mesa and Freedom are not required to respond to paragraph 16. To the extent that a response is deemed necessary, Mesa and Freedom state that they are without sufficient knowledge to enable them to respond to the allegations set forth in paragraph 16 of the Second Amended Complaint.

17. State that the allegations set forth in paragraph 17 of the Second Amended Complaint are against Comair only, and that, accordingly, Mesa and Freedom are not required to respond to paragraph 17. To the extent that a response is deemed necessary, Mesa and Freedom state that they are without sufficient knowledge to enable them to respond to the allegations set forth in paragraph 17 of the Second Amended Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Second Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Second Amended Complaint should be dismissed for insufficient service of process.

### THIRD AFFIRMATIVE DEFENSE

The negligence of James Easler proximately caused the events giving rise to the plaintiff's claims and to any alleged injuries, loss or damages, and that negligence either bars or proportionately reduces any recovery.

### FOURTH AFFIRMATIVE DEFENSE

The alleged injuries of James Easler were caused in whole or in part by the acts and/or omissions of other parties, over whom Mesa and Freedom had no control.

### FIFTH AFFIRMATIVE DEFENSE

The alleged acts or omissions of Mesa and/or Freedom were not the legal or proximate cause of the alleged injuries of James Easler.

### SIXTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred by the doctrines of waiver, estoppel, laches and/or release.

### SEVENTH AFFIRMATIVE DEFENSE

The plaintiff has failed to mitigate its damages, if any.

### EIGHTH AFFIRMATIVE DEFENSE

To the extent that Mesa or Freedom had any obligations to the plaintiff or James Easler, such obligations have been fully, completely and properly performed in all respects.

### NINTH AFFIRMATIVE DEFENSE

The plaintiff has failed to join all necessary parties.

### TENTH AFFIRMATIVE DEFENSE

The injuries alleged in the Second Amended Complaint, if any, may be reasonably apportioned among the defendants, as each defendant's alleged acts and omissions, are divisible and distinct.  Therefore, no defendant is jointly and severally liable to the plaintiff for any claim alleged in the Second Amended Complaint.

### ELEVENTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred by the worker's compensation statute.

### TWELFTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred by the applicable statute of limitations.

### THIRTEENTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred by the discharge entered by the United States Bankruptcy Court for the Southern District of New York in *In re Mesa Air Group, Inc.*, Case No. 10-10018 (MG).

### FOURTEENTH AFFIRMATIVE DEFENSE

The injuries or damages allegedly sustained by James Easler, which Mesa and Freedom deny, were the result of James Easler's embarking upon or concurring in an activity and a course of conduct that he knew or should have known would subject him to the hazards and risks out of which the alleged injuries or damages arose and plaintiff's recovery is thereby barred or, in the alternative , diminished in proportion thereto.

### FIFTEENTH AFFIRMATIVE DEFENSE

The plaintiff's claims are preempted, either explicitly or implicitly, in whole or in part, by federal law, including but not limited to the Federal Aviation Act, Federal Aviation Reauthorization Act, and/or the applicable Federal Aviation Regulations.

### SIXTEENTH AFFIRMATIVE DEFENSE

Mesa and Freedom are not liable to plaintiff because the injuries allegedly sustained by James Easler, if any, were caused and brought about by an intervening or superseding cause and were not caused by Mesa or Freedom or by any person or entity under Mesa's and/or Freedom's control.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Mesa and Freedom intend to add and rely upon such other and further defenses as may become apparent during the discovery of this action, and reserve the right to amend its answer to assert such defenses.

### PRAYER FOR RELIEF

WHEREFORE, Mesa and Freedom pray that this Court:

a. Enter judgment in their favor dismissing the plaintiff's Second Amended Complaint;

b. Award Mesa and Freedom their costs and expenses, including reasonable attorneys' fees; and

c. Grant Mesa and Freedom such other and further relief as this Court deems just and proper.

### CROSS-CLAIMS AGAINST COMAIR, INC.

As for their cross-claims against co-defendant Comair, Inc. ("Comair"), Mesa Air Group, Inc. ("Mesa") and Freedom Airlines, Inc. ("Freedom") allege:

1. On information and belief, Comair is a corporation duly organized and existing under the laws of the state of Ohio with a principal place of business located in Atlanta, Georgia.

2. Comair has been sued as a defendant in this action brought by plaintiff Insurance Company of State of Pennsylvania ("ICSP"), as subrogee of James Easler.

3. Comair also was sued by plaintiffs James Easler and Michelle Stone-Easler (the "Easlers"), who filed an Amended Intervenor Complaint and Jury Claim ("Intervenor Complaint").

4. ICSP's Second Amended Complaint and the Intervenor Complaint assert negligence claims against Comair, Mesa and Freedom seeking monetary damages for injuries allegedly sustained by James Easler as a result of an accident that occurred at Logan Airport on or around December 20, 2007.

5. ICSP's Second Amended Complaint and the Intervenor Complaint allege that Comair's negligence proximately caused the injuries sustained by the Easlers.

6. Mesa and Freedom did not cause or contribute to the injuries or damages sustained by the Easlers.

## COUNT I - CONTRIBUTION

7. Mesa and Freedom reallege and incorporate by reference herein paragraphs 1 through 6 of their cross-claims.

8. Any alleged loss or damage sustained by ICSP, James Easler, or Michele Stone-Easler was brought about or caused, in substantial part, by the careless, negligent, reckless, or culpable acts or omissions of Comair, its agents, servants or employees.

9. If Mesa and/or Freedom are adjudged liable in this action, then Comair is liable to Mesa and Freedom pursuant to Mass. Gen. Laws ch. 231B for contribution for its pro rata share

of any amount paid by or on behalf of Mesa and/or Freedom, together with reasonable attorneys' fees, costs, expenses, and disbursements of the within action.

## COUNT II - INDEMNIFICATION

10. Mesa and Freedom reallege and incorporate by reference herein paragraphs 1 through 9 of their cross-claims.

11. Any alleged loss or damage sustained by ICSP, James Easler, or Michelle Stone-Easler was brought about and caused by the careless, negligent, reckless, or culpable acts or omissions of Comair, its agents, servants or employees, without any negligence or culpable conduct on the part of Mesa and/or Freedom contributing thereto.

12. If Mesa and/or Freedom are adjudged liable in this action, then Comair must indemnify Mesa and/or Freedom to the full extent of any judgment, together with reasonable attorneys' fees, costs, expenses, and disbursements of the within action.

## JURY DEMAND

Mesa and Freedom request a trial by jury on all of their cross-claims that are so triable.

## PRAYER FOR RELIEF

WHEREFORE, Mesa and Freedom pray that this Court:

a. Enter judgment in their favor granting their cross-claims against Comair;

b. Award Mesa and Freedom their costs and expenses, including reasonable attorneys' fees; and

c. Grant Mesa and Freedom such other and further relief as this Court deems just and proper.

>Respectfully submitted,
>
>MESA AIR GROUP, INC. and
>FREEDOM AIRLINES, INC.,
>
>By their attorneys,
>
>/s/ Benjamin M. McGovern
>Elizabeth M. Mitchell (BBO No. 638146)
>Benjamin M. McGovern (BBO No. 661611)
>HOLLAND & KNIGHT LLP
>10 St. James Avenue
>Boston, MA  02116
>(617) 523-2700
>*elizabeth.mitchell@hklaw.com*
>*benjamin.mcgovern@hklaw.com*
>
>
>*Of Counsel*
>
>Judith R. Nemsick
>HOLLAND & KNIGHT LLP
>31 W. 52nd Street
>New York, New York  10019
>Telephone:     (212) 513-3200
>*judith.nemsick@hklaw.com*

Dated:  April 19, 2012

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

>/s/ Benjamin M. McGovern
>Benjamin M. McGovern